# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE A. SILVA, <br><br> Plaintiff, <br><br> v. <br><br> SARAH A. THORNTON, et al., <br><br> Defendants. | Civil Action No. <br> 17-12106-FDS |

## ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court will deny the plaintiff's motion for relief from judgment.

## I.    Factual Background

In a memorandum and order dated January 3, 2018, the Court ordered that this action be dismissed.  The Court explained that the complaint of plaintiff Wayne Silva had failed to state a claim upon which relief can be granted because the complaint did not state a cause of action, and, to the extent a claim could be discerned, the Court lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine.  It appeared that the Silva was attempting to relitigate a state court case in which he was the plaintiff, and that was decided against him.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed this action *sua sponte* and before any summonses had issued.

Plaintiff has now moved under Rule 60 of the Federal Rules of Civil Procedure for relief from judgment.  He contends that federal-question subject matter jurisdiction exists and that the *Rooker-Feldman* doctrine is immaterial.  He also appears to contend that dismissal was improper because he had requested a jury trial.  He states that he "must remove" his state-court case.

## II. Discussion

The motion does not set forth any basis for relief under Rule 60. Even if the claims asserted in this Court arose under federal law, the *Rooker-Feldman* doctrine still bars the action. The removal statute does not provide a separate basis for jurisdiction. *See* 28 U.S.C. § 1441(a) (providing for removal of "any civil action brought in a state court of which the district courts *of the United States have original jurisdiction*" (emphasis added)). Further, only a defendant can remove a case from state court to federal court. *See id.* (providing for the removal of an action "by the defendant or the defendants"). And a plaintiff's demand for a jury trial does not affect the jurisdictional question, and does not immunize an action from dismissal prior to trial.

## III. Conclusion

For the foregoing reasons,

1. The motion for relief from judgment is DENIED.

2. Except for the filing of a Notice of Appeal, Silva is prohibited from filing any other papers in this action. Failure to comply with this order may result in sanctions. If Silva attempts to file a document in violation of this order, the Clerk shall return the paper to Silva and make a notation of the same on the public docket. This order is made in light of Silva's history of filing numerous post-judgment motions that are without merit. *See*, *e.g.*, *Silva v. United States of America*, 07-11133-DPW (D. Mass.) (documents filed after July 2, 2007); *Silva Wayne Anthony v. City of New Bedford*, C.A. No. 01-10918-RWZ (D. Mass) (documents filed after November 6, 2001).

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: January 29, 2018 United States District Judge